Wardell Robinson, in pro. per.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Div., Robert M. Talcott, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

**Wardell ROBINSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19901.**

United States Court of Appeals Ninth Circuit.

July 9, 1965.

Rehearing Denied Sept. 3, 1965.

Before BARNES and KOELSCH, Circuit Judges, and CRAIG, District Judge.

BARNES, Circuit Judge:

Appellant appeals from a denial of his second motion for relief under 28 U.S.C. § 2255, filed October 29, 1964. This denial in the district court was on two grounds:

(1) That his motion "is based upon substantially the same ground as petitioner's prior motion filed March 11, 1964" and

(2) "that the files and records of the Criminal Case No. 28631 of the Southern District of California [Central Division] conclusively show the petitioner is entitled to no relief."

An examination of the unpublished decision of this court, filed June 11, 1963, No. 18336, affirming appellant's conviction by a jury of the knowing interstate transmission of a forged check, shows that the question of the failure of the government to produce bank records or cancelled checks to corroborate the com-

plaining witness' testimony with respect to her denial of an alleged loan to appellant of $2,500 was before this court on such appeal.[1] Appellant on his first § 2255 petition charged a lack of adequate representation; in his second, charges Mrs. Floto (the complaining witness) with perjury, known to the F.B.I. and the U. S. Attorney's Office to have been false testimony.

Of course, if Mrs. Floto's testimony was false, such falsity was known to appellant and presumably to his counsel at the time of trial. They chose not to establish or even explore the now alleged falsity. Appellant made no effort whatsoever at the trial to substantiate his present position. Not only was it not pursued by appellant's counsel, when F.B.I. employee Arvine testified, and the government sought to go into the matter, defense counsel actually successfully objected to any such line of testimony.[2]

Appellant presently blandly and boldly asserts: "Petitioner's instant motion to vacate is predicated on facts that are outside the record and files of Criminal Case No. 18336."

We have read the transcript of all testimony given at the trial on September 27, 29 and 30, 1960, and all exhibits, and find this statement untrue. The matter of the alleged $2,500 loan was gone into by appellant's counsel on cross-examination of Mrs. Floto (Tr. 52), but, as we have stated when the government sought to go into the authenticity or non-authenticity of the $2,500 "loan," counsel for appellant prevented it. Appellant proved he had deposited $2,500, but had no testimony or records to prove where the $2,500 had come from; or what it was.

When appellant signed Exhibit 14 before a bonding company representative, and paid him the $300 left from the proceeds of the forged $15,000 check (Gov. Ex. 2), appellant made no mention of any previous $2,500 loan.

When the present blanket charge of "perjury"—a pure conclusion unsupported by any factual detail whatsoever—is compared to these prior acts of appellant, the present charge carries little weight.

We affirm the denial of relief under the second § 2255 petition.

1. "Appellant's trial counsel was a man of very considerable experience in the trial of criminal cases. His failure to press for this evidence during trial (relying instead on attacking the Government's failure to produce it) in all probability resulted from a calculated judgment of trial strategy which we cannot, even now as a matter of hindsight, repudiate as unwise. We do not yet know what the evidence would have shown or whose story it would have supported. As the government points out, the canceled check for $2,500, if indeed there was one, might itself have turned out to be a forgery. Deprecatory statements by experienced counsel, as we all know, can hardly be taken at face value. They frequently represent an effort to arouse sympathy through a pose of ineptitude." Robinson v. United States, No. 18336, June 11, 1963.

2. "Q. (By Government Counsel, Mr. Hermann) In regard to what he told you about the $2,500 check, did you ascer-

tain for yourself in any manner as to whether or not that was true?
"MR. PARSONS: To which I object as being immaterial, irrelevant and incompetent.
"THE COURT: Please read the question, Mr. Reporter.
(Question read.)
"THE COURT: Sustained.
"BY MR. HERMANN:
"Q. Did you make any further investigation in regard to the $2,500 check?
"A. Yes, sir.
"Q. What type of investigation did you conduct?
"A. We attempted—well, I have to clarify myself. I personally did not make the investigation in regard to the $2,500 check.
"MR. PARSONS: Then I move to strike the question and the answer.
"MR. HERMANN: Yes. I believe so.
"THE COURT: The motion is granted." (Tr. 115)